RECH-MARBAKER CO. v. LEDERER, Collector of Internal Revenue.

(District Court, E. D. Pennsylvania. December 31, 1919.)

No. 6088.

INTERNAL REVENUE ⬤➞11—EXCISE TAX ON SALES OF AUTOMOBILE TRUCKS AS UNITS.

The excise tax of 3 per cent. of the selling price of "automobile trucks * * * sold by the manufacturer, producer, or importer," imposed by Act Oct. 3, 1917, c. 63, § 600 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 6309¾a), *held* collectible only on sales of automobile trucks as units.

At Law. Action by the Rech-Marbaker Company against Ephraim Lederer, Collector of Internal Revenue. Judgment for plaintiff.

Grover C. Ladner, of Philadelphia, Pa., for plaintiff.

Ernest Harvey, Asst. U. S. Atty., and Francis Fisher Kane, U. S. Atty., both of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. It is stipulated that plaintiff is entitled to judgment unless the tax collected from the plaintiff was one imposed by the Revenue Act of 1917, tit. VI, § 600 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 6309¾a). The tax imposed is an excise tax, to be paid by those who sell the things enumerated, and is measured by 3 per cent. of the price for which the thing is sold. The general thought was to cover power trucks, along with automobiles and motorcycles. The thought was expressed as simply as possible in the act by making the tax collectible "upon all automobiles, automobile trucks, automobile wagons, and motorcycles, sold by the manufacturer, producer, or importer." When applied to the sale of automobiles or motorcycles, the meaning of the act is entirely clear, and the act was doubtless framed with the common mode of sale transactions of this kind in the mind of the draftsman. The thought, however, is not clear in respect to automobile trucks, because there are none which are "sold by manufacturers, producers, or importers," and in consequence no transactions to which the taxing clauses or measuring clauses of the law can apply. This is because automobile trucks are never dealt in or sold by any "manufacturer, producer, or importer" as units, nor are the parts ever assembled or dealt in as units. There is no such thing as a standard type of truck with which this case concerns itself. When the prospective user wants one, he buys a chassis and sends it, together with the kind of a body he wants, to some one to have the body put on, or he sends the chassis to have a body put on it. It is then returned to him as an automobile truck, but there has been no truck sold. There has been the sale of a chassis, or the sale of a body, or separate sales of each, but no sale of a truck, unless one or the other can be said to be a truck.

The Executive Department has done the best which could be done with such a difficult situation, by dealing with the subject of each sale as a taxable unit, crediting the last with the tax paid on the previous sales of the parts. Congress has dealt with it by changing the law, so

⬤➞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

as to make it apply to such sale transactions as take place. The executive action taken necessarily involved a construction given to the law, and we are asked to give it the same construction. This executive construction, however, although informative and helpful, is controlling only to the extent to which it is persuasive. The action taken by Congress may mean either that the first act did not tax what the second act taxes, or that it re-enacts the same law, with its phraseology changed to make the old meaning clearer. A judicial construction must be given to the law. The words "producer, manufacturer, or importer" necessarily imply one transaction. How, then, can we have several, as we do have under this executive construction? It is true that by the allowances made the sum of the taxes collected is limited to the one; but the fact is there are a number of taxes levied, so graded that in their aggregate they equal the tax measured by the sale of one automobile truck.

The question for decision is one of such character as that it must be disposed of in a more or less summary way, or it leads into an almost endless discussion. We dispose of it by the ruling that the act of 1917 imposes no tax except the one measured by a sale of an automobile truck.

Counsel have leave to enter judgment in favor of plaintiff for the tax, with costs.