KLEPPER v. CARTER, Collector of Internal Revenue.

(Circuit Court of Appeals, Ninth Circuit. February 7, 1923.)

No. 3887.

**Internal revenue ⊕⇒9—One purchasing trucks and bodies separately and selling complete trucks held a "manufacturer" or "producer."**

One who purchased automobile trucks without bodies from one seller and bodies from another, and sold the completed trucks at retail, was a "manufacturer" or "producer" of the trucks, within Act Feb. 24, 1919, § 900 (Comp. St. Ann. Supp. 1919, § 6309⅘a), imposing a tax on manufacturers or producers of automobile trucks.

[Ed. Note.—For other definitions, see Words and Phrases, First Series, Producer; First and Second Series, Manufacturer.]

In Error to the District Court of the United States for the Southern Division of the Southern District of California; Oscar A. Trippet, Judge.

Action by R. C. Klepper, doing business under the fictitious name of the Bethlehem Motors Company, against John P. Carter, Collector of Internal Revenue, Southern District of California. Judgment for defendant, and plaintiff brings error. Affirmed.

This case involves the legality of certain taxes paid by the plaintiff in error for the year 1919.

Klepper, doing business under the fictitious name of Bethlehem Motors Company, was a retail dealer in automobile trucks. The Bethlehem Motors Corporation of Pennsylvania was a manufacturer of automobile trucks with and without bodies, and sold bodies separately or bodies and chassis assembled. The Weber Auto Body & Trailer Works was a manufacturer of automobile truck bodies, but did not manufacture automobile trucks or chassis. Klepper at various times in 1919 bought 13 automobile trucks from the Bethlehem Motors Corporation. The trucks were equipped with cabs, but the bodies were made by and purchased from the Weber Auto Body & Trailer Works, as such bodies were needed. Klepper sold the completed trucks at retail. The Bethlehem Corporation of Pennsylvania paid the war tax on the 13 trucks at 3 per cent. on the price for which the trucks were sold to Klepper, and added the amount of the tax to the invoice price, and Klepper paid to the Bethlehem Corporation the amount of such tax. The Weber Company paid the war tax on 13 bodies at 5 per cent. of the price at which the bodies were sold to Klepper and added the amount of the tax to the invoice price, and Klepper paid to the Weber Company the amount of such tax.

Carter, as collector of internal revenue, demanded that Klepper pay an additional war tax of 3 per centum as a manufacturer, on the gross sales price for which Klepper sold the completed automobile trucks to his customers, with added penalties because of Klepper's failure to report such tax as a manufacturer. The collector, however, deducted the amount of tax paid by Klepper to the Bethlehem Corporation and to the Weber Company.

In due course suit was brought, judgment went against Klepper, and writ of error was brought.

Section 900 of the Act of Congress approved February 24, 1919, chapter 18 (Comp. St. Ann. Supp. 1919, § 6309⅘a), provides for the levy, assessment and collection, and payment upon designated articles sold by manufacturers, producers, or importers of a tax equivalent to the following percentages of the price for which so sold or leased: (1) Automobile trucks and automobile wagons, including tires, inner tubes, parts, and accessories therefor, sold on or in connection therewith, or the sale thereof, 3 per centum. (3) Tires, inner tubes, parts, or accessories for any of the articles enumerated in subdivisions

⊕⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

1 or 2, sold to any person other than a manufacturer or producer of any of the articles enumerated in subdivisions 1 or 2, 5 per centum. Section 903 (section 6309⅘d) provides for the making of returns in accordance with the regulations and for adding a penalty if the tax is not paid when due. By regulations of the Commissioner of Internal Revenue, revised in December, 1920, a manufacturer may take as a credit against the tax imposed on him, in respect to the sale of any article taxable under section 900 an amount equal to any tax imposed under section 900, which he has reimbursed to the manufacturer from whom he purchased any article forming a component part (whether or not changed in form by process of manufacture) of the article sold by him and in respect to which tax is paid by him, provided the tax was billed to him as a specific item and in the exact amount of the tax. Credit is not allowed unless: (1) The article forms a component part of an article sold by such manufacturer and in respect to which a tax is payable by him; (2) such manufacturer has, in fact, reimbursed the manufacturer from whom purchased, who has himself, in fact, paid the tax upon which such credit is sought. Article 7 defines a "manufacturer" as generally a person who (1) actually makes a taxable article; or (2) by changes in the form of an article produces a taxable article; or (3) by the combination of two or more articles produces a taxable article. The regulations give examples, including: "Example 2. A., an automobile body manufacturer, sells an automobile body in a knock-down condition, but complete as to all its component parts, to B., a dealer, who assembles these component parts into a complete usable automobile body, and installs it or causes it to be installed on a chassis, which he has purchased from a manufacturer, who is a different person from the manufacturer of the body, and sells the completed automobile. A. is the manufacturer of the automobile body, but may sell the same to B. tax free under the certificate provided for in article 14. B. is the manufacturer of the automobile and subject to tax on the selling price of the completed automobile, but may take credit for the amount of the tax paid by the manufacturer of the chassis."

J. W. Hocker and Robert E. Austin, both of Los Angeles, Cal., for plaintiff in error.

Joseph C. Burke, U. S. Atty., and Robert B. Camarillo, Asst. U. S. Atty., both of Los Angeles, Cal., for defendant in error.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

HUNT, Circuit Judge (after stating the facts as above). In our opinion Klepper was properly held to be a manufacturer or producer of automobile trucks. While he did not make any of the several parts, nevertheless he bought the parts made by others and he sold a completed automobile truck. The fact that several different concerns did for him, a retail salesman, what, under the prevailing method, the purchaser may have had to do for himself, does not affect the question.

We are not going too far when we recognize that the commonly known general method of transacting the automobile truck business was for a person to buy a chassis from one dealer or maker, and a body from another, and then to assemble the two. Klepper saved the purchaser all this trouble and made it his business to retail the product of his purchases as an automobile truck. Thus he produced or manufactured the truck. Rech-Marbaker Co. v. Lederer, Collector (D. C.) 263 Fed. 593; Foss Hughes Co. v. Lederer, Collector, 287 Fed. 150. In Carbon Steel Co. v. Lewellyn, 251 U. S. 501, 40 Sup. Ct. 283, 64 L. Ed. 375, the Supreme Court considered an excise tax on the manufacture of shells measured by the sale price. The petitioner in that case asked for a rebate on the ground that he did not manufacture, but that

the shells were manufactured by independent contractors. The court held that the purchase of elemental parts of a completed product, or the doing of subsidiary work by a subcontractor, did not take from the contractor the character of a "person manufacturing," as comprehended in section 301 of the Munitions Tax Act of September 8, 1916, tit. 3, c. 463, 39 St. 780 (Comp. St. § 6336¼b).

The decisions cited support us in the view that plaintiff manufactured or produced and sold complete trucks and that the judgment was right.

Affirmed.