Moss, Judge,
delivered the opinion of the court:
Plaintiff, B. F. Hoffman, Inc., during the period March 1, 1920, to April 1, 1923, was engaged in selling, at retail, automobiles and tractors, and accessories therefor, including bodies for automobiles and truck chassis. The bodies were manufactured by the Lyter Body Company, situated some ten blocks from plaintiff’s place of business in Philadelphia. In brief, the customary method followed by plaintiff was to make a sale of a chassis according to the type desired by the purchaser. If the purchaser also desired a body a selection would be made from a catalogue of the Lyter Body Company and same would be attached to the chassis by that company at its own plant. Changes from the catalogue design would be made by the Lyter Body Company as requested by the purchaser, or by plaintiff for the purchaser. The Ford Motor Company billed the chassis to the plaintiff as a dealer at the list price less a 20 per cent discount, adding thereto the amount of the manufacturer’s excise tax. The Lyter Body Company billed the body to the plaintiff as dealer at the list price, less a 20 per cent discount, including in the list price the amount of the manufacturer’s excise tax. Plaintiff would issue to the purchaser two invoices, one covering the sale of the chassis and the other for the sale of the body, and the purchaser was also billed for the amount of’ the manufacturer’s tax in each invoice.
In August, 1923, plaintiff received a notice and demand from the collector of internal revenue for the first collection district of Pennsylvania for the payment of the sum of $4,961.36, same being claimed as manufacturer’s sales tax, penalties, and interest, under the provisions of section 900 of the revenue act of 1918, 40 Stat. 1122, and of section 900 of the act of 1921, 42 Stat. 291, almost identical in language *243 with the first-named statute. The pertinent portions read as follows:
“ That there shall be levied, assessed, collected, and paid upon the following articles sold or leased by the manufacturer, producer, or importer, a tax equivalent to the following percentages of the price for which so sold or leased—
“(1) Automobile trucks and automobile wagons (including tires, inner tubes, parts and accessories therefor, sold on or in connection therewith or with the sale thereof), 3 per centum:
* ífc * * ❖
“ (3) Tires, inner tubes, parts, or accessories, for any of the articles enumerated in subdivision (1) and (2), sold to any person other than a manufacturer or producer of any of the articles enumerated in subdivision (1) or (2), 5 per centum.”
The amount of said tax, penalties, and interest was paid by plaintiff under protest on September 4, 1923, and thereafter two claims for refund were filed with the Commissioner of Internal Kevenue, one for $3,601.91, representing the amount of tax and interest, and the other for $1,353.39, representing the penalties and excess interest. The claim for the refund of $3,601.91 was rejected, and the claim for the refund of $1,353.39 was allowed in the sum of $949.90, and rejected in the sum of $403.49. This suit is for the recovery of the balance, claimed by plaintiff, amounting to $4,011.46.
The sole question for determination is whether or not plaintiff was, for the period involved, a manufacturer of automobile trucks in the meaning of the statute above quoted.
No charge of bad faith or of any purpose to evade taxation is made. Plaintiff, believing that it was not a manufacturer of automobile trucks, did not collect from its customers the manufacturer’s sales tax., and, of course, did not include same in its tax returns.
Defendant relies upon the case of Klepper v. Carter, 286 Fed. 370. The facts in that case were substantially as follows : Klepper was a retail dealer in automobile trucks. At various times in the year 1919 he bought thirteen automobile trucks from the Bethlehem Motors Company. The trucks were equipped with cabs. Plaintiff purchased bodies-as they were needed from the Weber automobile body works and *244 mounted the bodies on the chassis and sold the completed trucks at retail. The court said:
“ In our opinion Klepper was properly held to be a manufacturer or producer of automobile trucks. While he did not make any of the several parts, nevertheless he bought the parts made by others, and he sold a. completed automobile truck. * * *
“ We are not going too far when we recognize that the commonly known method of transacting the automobile truck business was for a person to buy a chassis from one dealer or maker, and a body from another, and then to assemble the two. Klepper saved the purchaser all this trouble, and made it his business to retail the product of his purchases as an automobile truck. Thus lie produced or manufactured the truck.”
In the instant case a different method was pursued. Plaintiff purchased chassis from the Ford Company and carried same in stock, together with Ford bodies and accessories, Bodies were not carried in stock. A customer would select and purchase a chassis, which was separately billed to the customer. If a body was desired, the customer would be shown a catalogue of the Lyter Body Company and from that a body would be selected and an order would be issued by plaintiff to the Lyter Company for same. If special features were desired by the customer, they were entered on the purchase order to the Lyter Company. The body was billed to plaintiff, and by plaintiff was billed to the customer. No bills were ever rendered for a completed truck. The body was mounted on the chassis at the plant of the Lyter Body Company. This process involved about an hour’s labor and the adjustment of eight bolts, and was done by the Lyter Company without charge and as an inducement to purchase its products. It was a very simple operation and could be performed by the purchaser himself. We are of the opinion that the facts do not bring this case within the rule announced in the Klepper case, supra. Plaintiff was not a manufacturer in the meaning of the statute on the subject and is entitled to recover, and it is so ordered.
GRAham, Judge; Booth, Judge; and Campbell, Chief Justice, concur.