## THURMAN, Collector, v. SWISSHELM et al.

Circuit Court of Appeals, Seventh Circuit.
December 7, 1929.

No. 4172.

E. F. McMahon, of Washington, D. C., for appellant.

W. C. Batchelder, of Indianapolis, Ind., for appellees.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

ALSCHULER, Circuit Judge. The action was against the United States Collector of Internal Revenue to recover a tax alleged to have been unlawfully assessed and collected under section 900, c. 18 (40 Stat. 1122), of an act of Congress approved February 24, 1919, and section 900, c. 136, of an act of Congress approved November 23, 1921 (42 Stat. 291), imposing a tax upon "other automobiles and motor cycles (including tires, inner tubes, parts, and accessories therefor, sold on or in connection therewith or with the sale thereof), except tractors, 5 per centum" of the price for which sold or leased by the manufacturer or producer.

Appellees dealt in automobiles. They bought from the Ford company or its agents complete Ford cars. They bought from the Ames company automobile bodies, so constructed as to fit upon the Ford chassis. Some of their customers would exchange the bodies of their Ford cars for Ames bodies, and would then either remove the Ford bodies themselves and replace them with Ames bodies, or would have appellees do this for them. In other cases appellees would themselves substitute the Ames bodies for the bodies on their Ford automobiles, and then sell their customers the automobiles thus equipped, and dispose of the removed new Ford bodies at a price which would enable them to realize for their Ford automobiles what they had paid for them, their profit coming from the sale of the Ames bodies.

This controversy involves the transactions of the purchase by appellees of the complete Ford automobiles, the removal of the bodies thereof, and the substitution therefor of the Ames bodies which appellees had purchased, and in such condition the sale of the automobiles.

The manufacturer's tax of 5 per cent. had been paid by the maker of the Ford automobiles, and by the maker of the Ames bodies, and this tax entered into the purchase price appellees were required to pay for them. The tax assessed against and collected from appellees was 5 per cent. of the price at which the altered automobile was sold by appellees, less a deduction of the manufacturer's tax which had been paid on the Ames bodies; but deduction of the tax which had been paid on the Ford automobiles was not allowed. The reason for the distinction is not readily apparent. If the deduction of the body tax was proper, it does not seem less proper that the tax on the Ford automobile should have been deducted—at least so much of it as would represent the chassis. If it were here a question of the amount of the tax due, we are of the belief that both should have been deducted, in which event the collectible tax would have been exceedingly small, as the rate upon the parts was the same rate as on the complete automobile.

But, under the peculiar facts of this case, are appellees to be regarded as "manufacturers" or "producers" of automobiles within the meaning of the act? We think not. The uncontradicted evidence is that the substitution of one body for the other involved an exceedingly simple operation which could be performed by any one who knew enough to remove a bolt by unscrewing the nut. Only six bolts needed to be removed to detach the Ford body. The Ames body was constructed to fit in its place, and was attached by inserting these same bolts and screwing up their nuts. We do not believe that this simple substitution of one body for another upon a complete automobile rises to the dignity of "manufac-

turing" or "producing" automobiles, any more than would the substitution of high-priced balloon tires for ordinary tires which may have been part of an original equipment.

In the case of Klepper v. Carter (C. C. A.) 286 F. 370, the court sustained the tax where the chassis were purchased of one manufacturer and the bodies of another, holding the one who assembled these parts for the first time into a completed truck to be a "manufacturer" or "producer" within the meaning of the law. The facts are different in that there no truck figured in the transaction until the parts had been assembled and connected; while here appellees bought the completed automobile, upon which the tax had already been paid.

Apart, therefore, from the fact that, making proper deduction for the automobile tax paid, as well as for that on the bodies, there would at best be but a small amount subject to taxation, which in the evidence neither party undertook to segregrate, we are satisfied, from the particular facts of this case, that appellees were not "manufacturers" or "producers" within the meaning of the law, and that the court properly rendered judgment in their favor.

The judgment is affirmed.