630

equity docket. In Fineran v. Bailey (C. C. A. 5) 2 F.(2d) 363, Judge Bryan said:

"As it appears to us, this is an effort to make a writ of injunction serve the purpose of a writ of mandamus. A federal court has no power to issue a writ of mandamus, except in aid of jurisdiction previously acquired. Rosenbaum v. Bauer, 120 U. S. 450, 7 S. Ct. 633, 30 L. Ed. 743; Knapp v. Lake Shore & M. S. Railway Co., 197 U. S. 536, 25 S. Ct. 538, 49 L. Ed. 870; Covington & C. Bridge Co. v. Hager, 203 U. S. 109, 27 S. Ct. 24, 51 L. Ed. 111.

"What the court was without the power to do directly, it was without the power to do indirectly. Creager v. Bryan (D. C.) 287 F. 362. The appellants concede that the District Court was without the power to issue a writ of mandamus, and because of that they contend they had no adequate remedy at law, ignoring altogether the complete remedy that was open to them in the state courts of Louisiana."

Under the authorities above cited, this court is without jurisdiction to issue the writ of mandamus, except in aid of its own jurisdiction previously acquired, or to grant injunctive relief in lieu of such a writ, and, accordingly, an order may be entered sustaining the demurrer.

Dan J. Chapin, of Los Angeles, Cal., for plaintiff.

Peirson M. Hall, U. S. Atty., of Los Angeles, Cal., for defendant.

COSGRAVE, District Judge.

It does not seem to me that Klepper v. Carter (C. C. A.) 286 F. 370, can be considered authority here. In the Klepper Case part of the truck was purchased from one manufacturer and the bodies from another. Klepper caused a truck to exist where none existed before and was a dealer in trucks. Here the plaintiff was an automobile dealer, and at the request of individual purchasers made changes in the automobile. It was at no time used as a truck; that is, for the carriage of freight or merchandise as distinguished from the transportation of passengers. Its use after as before the change was to transport persons with some inconsequential tools. I think, therefore, that the plaintiff cannot be held to be a manufacturer and should have judgment.

Plaintiff will prepare and submit findings in accordance with this memorandum.

---

### J. W. COX MOTOR SALES CO. v. GOOD-CELL, former Collector of Internal Revenue.
#### No. 4374.

District Court, S. D. California, Central Division.

July 22, 1933.

### DE HAY v. CLINE et al.
#### No. 4481.

District Court, N. D. Texas, Dallas Division.

Feb. 8, 1933.

