**No. 45550.**—Protest 21310–K/89042 of Goodman Manufacturing Co. (Chicago).

Walker, Judge: In this suit against the United States brought at the port of Chicago plaintiff seeks to recover as drawback under section 313, Tariff Act of 1930, so much of 99 percent of the duties paid on the importation of an electric mining locomotive as might be apportioned to parts thereof which it is claimed were used in the manufacture, within the United States, of two other electric mining locomotives which were later exported.

In order to entitle the plaintiff to the benefits and privileges of section 313, *supra*, which provision of law has to do with drawback and refunds, plaintiff must prove strict compliance on its part with all of the customs regulations prescribed under authority of said section. In the case at bar it has been stipulated by the parties that the customs regulations as prescribed have been strictly complied with, and therefore the only question before the court for decision is

whether or not the articles exported from the United States were "manufactured or produced in the United States with the use of imported merchandise" upon which duty had been paid.

It appears from the undisputed testimony of the sole witness called, Edmund A. Kunka, assistant to the chief engineer of the plaintiff company, that the imported merchandise was a 24-inch gauge locomotive (R. 10); that it was dismantled into two separate sections (R. 7), and that later, in accordance with a contract and under certain plans and specifications, one "Titan A" locomotive, 30-inch gauge, was assembled and constructed with the use of the chassis of the imported locomotive, and another "Titan A" locomotive, 50-centimeter gauge, was assembled and constructed with the use of the battery box of the imported locomotive (R. 8, 9, 10). These, in turn, were the articles thereafter exported from the United States.

It is therefore clearly proven by uncontradicted evidence that two locomotives were manufactured in the United States with the use of parts of the imported locomotive and that the locomotives so made were exported and form the subject of issue in this case.

That the work performed by the plaintiff in assembling and constructing two locomotives with the use of parts of an imported locomotive constituted manufacture of the exported locomotives within the meaning of that term as used in the drawback statute, is, we think, indisputable, and under the authority of *Klepper* v. *Carter*, 286 Fed. 370, and *United States* v. *Adolphe Schwob, Inc.*, 21 C. C. P. A. (Customs) 116, T. D. 46447, the plaintiff is entitled to drawback on the imported merchandise so used.

Judgment will therefore be rendered in favor of the plaintiff directing the collector to reliquidate the drawback entry allowing refund of the duties paid on the imported parts so used, less 1 percent of such duties.