## FOSS–HUGHES CO. v. LEDERER, Internal Revenue Collector.

(District Court, E. D. Pennsylvania.   September, 1919.)

### No. 6470.

Internal revenue ⟨⟩11—Assembler of truck parts taxable as "producer of truck."

Under Act Oct. 3, 1917, § 600 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 6309¾a), providing for the collection of a tax on automobile trucks sold by manufacturer, producer, or importer, a dealer, who neither imports nor manufactures, but purchases the chassis from the manufacturer, and employs a contractor to add the body, is a producer of trucks, and so liable to tax.

At Law.   Action by the Foss-Hughes Company against Ephraim Lederer, Collector of Internal Revenue, First District of Pennsylvania. Judgment for defendant.

DICKINSON, District Judge.   This is to all intents and purposes a case stated.   The right to a jury trial was waived, and the case came on to be heard without a jury.   The parties then stipulated all the facts. There remains at most only an ultimate fact finding, to be made under the evidentiary facts stipulated, or possibly only a question of law to be determined.

The general situation presented is that Act Cong. October 3, 1917, § 600 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 6309¾a), provides (inter alia) for the collection of a tax upon all automobile trucks sold by the manufacturer, producer, or importer thereof.   There is no claim that the plaintiff imports, and none that he is a manufacturer, except in the sense in which one who has something made for him by others, to be sold by him, may be said to be a manufacturer.   This is doubtless the sense in which Congress used the word "producer," and was also doubtless the occasion for its use.   The whole question would seem to be compressed in this one: Was the plaintiff a producer of automobile trucks?

We are not concerned with collateral fact conditions directly, but it serves to give us a grasp of the practical situation if we have in mind these other facts.   One is that the tax law relates to sales of automobiles and motorcycles, as well as automobile trucks.   Another is that in the administration of the law it was found that a great many sales

---

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of automobiles and motorcycles were made, but that sales of automobile trucks were seldom made. This was because the usual course of business was for one man to make or import a chassis, which he sold to the purchaser, who had another man make the body which suited his purposes, or the purchaser put on the body himself. As a consequence no one ordinarily manufactured, produced, or imported an automobile truck, although there were numbers who dealt each in a part of the truck.

Congress, in a subsequent act, corrected this oversight, but with the later act we are not now concerned. The real question before us is whether the plaintiff did not do for the purchaser what he usually had done for him by two persons, and do this by producing and selling automobile trucks? What the purchaser wanted was a truck, and to be saved the several purchases of a chassis and of a body, and also of having the two made into a truck. The plaintiff supplied this need by itself purchasing the chassis from the maker, and having the body added by some one engaged in that kind of work, and then selling the product as an automobile truck. The manufacturer of the chassis was a wholly independent contractor (if the phrase be an allowable one), and so likewise was the body builder. Unquestionably an automobile truck was produced. The maker of the chassis did not produce it, nor did the manufacturer of the body. One of the three parties concerned was the producer (if there was one), and he must be the plaintiff. The only escape from this conclusion is that no one of them was the producer, but it was a joint product of all. The taxpayer is one who both produces and sells. This plaintiff admittedly sells, and it is through it that what it sells is brought into existence. The fact that personally it does not make chassis or body, and does not even assemble, is not controlling—"facit per alium facit per se." The fact that the maker of the chassis and the maker of the body is each what plaintiff calls an independent contractor is also aside from the mark.

It may be stated in further explanation of the fact situation that the taxing department of the government construed the act of 1917 to authorize the levying of the tax on parts of a truck as well as on trucks. It may have been right or wrong in giving the act this meaning. It has been held that the manufacturer of a body only was not liable to pay a tax on the truck. Rech-Marbaker Co. v. Lederer (March Sessions, 1919) 263 Fed. 593. However this may be, what the department in practice did was to call the chassis an automobile truck and collect a tax on its sale; to also call the body a truck, and collect a tax on its sale, and further to call the parts, when assembled, a truck, and collect the tax on the sale of the truck. Allowance was made, however, by deduction in each instance for the tax previously paid.

The present action is to recover the tax paid by plaintiff on the basis that it was unlawfully assessed, and this question of the legal propriety of its payment is the only question raised.

Judgment may be entered for defendant, with costs.

### Supplemental Opinion.

The requests for findings of fact and law, answered herewith, present the views of the parties respectively in a somewhat different way

from that in which discussed at the argument and in the foregoing opinion. It was thought to be conceded that neither a chassis nor a body taken by itself was an automobile truck. This court has held that the making of a body for the owner of a chassis and attaching the body to the chassis is not the manufacturing of an automobile truck. It has not been ruled, so far as we are informed, that a chassis is not an automobile.

The departmental ruling, according to the information given us, was (if there were so many steps in producing a truck) to levy a tax upon the chassis when it was made, upon the body when it was made, and then upon the completed truck when these several parts were assembled; a deduction being made at each stage of construction for the tax previously paid. Such was the course followed in the present case. The ruling already made implies a refusal to follow this departmental construction of the act, so as to sanction piecemeal levies of the tax or the levy of several taxes. The case ruled was that of the sale of a body, and it does not imply a refusal to accept the administrative view that a chassis is an automobile. If it is, it necessarily follows that plaintiff did not produce the truck but purchased it from the Pierce-Arrow Motor Car Company, and, in consequence, was not liable to the tax.

There is no stipulation as to what these chasses in fact are, and if the question of whether they are trucks is in the case, it may be set down for reargument; otherwise, the ruling already made may stand.