### SUPERIOR PRODUCTS CO. v. THOMAS, Collector of Internal Revenue.

#### No. 5095.

District Court, N. D. Texas, Dallas Division.

Feb. 25, 1938.

Thomas G. Murnane, of Dallas, Tex., for plaintiff.

John A. Erhard, Asst. U. S. Atty., of Dallas, Tex., for defendant.

ATWELL, District Judge.

The court finds that the transactions between the Atlas and the Superior Products Company were such transactions as inhibit the conclusion that they were at arm's length.

I find that the manufacture by the Atlas Company, even though separate from the corporation, under the circumstances shown here in the testimony, was, in fact, a manufacture by the plaintiff.

As to the Illes and the Sonneborn transactions, I find that they were good faith, bona fide arm's length transactions, and that the conversion of the raw materials into the finished product in each instance by those two concerns, was the manufacture by those two concerns respectively.

It is a tax of one's power to correlate ideas to say that one who orders a particular article made by a manufacturer in a particular way, that the one who so orders is the manufacturer and not the man who makes the article. If I go down here and order a hat made or a suit of clothes made, I do not manufacture the hat or that suit of clothes; the hatter makes the hat and the tailor makes the suit of clothes. I may take my own cloth to the tailor, but he manufactures it. There is not even the taking of the cloth here.

I find no semblance of discredit as to the witnesses in these three firms with reference to their trading with one another.

As I understand manufacturing, and I believe it is in the act, it has been sometime since I read it, it is to change the color or form or consistency of an article. It is like most definitions that are simple, it is difficult to enlarge without appearing to be pedantic, or dogmatic. Manufacture means to make. That the articles that the complainant made were not difficult to make, does not alter the fact that they were made. That the plaintiff has a cheap brilliantine or a cheap pomade, which is sold for ten cents, as against articles by different concerns, which sell at fifty cents, does not deprive the complainant of the right to be protected in such sale as he makes of the simple articles which were made by others.

I think that § 619 of the Revenue Act of 1932, 26 U.S.C.A.Int.Rev. Acts, page 618, deprives us of the right to conclude that the congress intended to view the article as manufactured by the bottler, when a chemist produces a barrel of it and then sells that barrel to a bottler, who, in turn, sells it to the wholesale store. The bottler is not the manufacturer. He is the bottler. The bottler and the laborer. He is not a maker—not a manufacturer.

Again, with reference to that, I find that, as I recall section 603, the congress spoke of the article or receptacle, rather, in which the manufactured article was placed by the

manufacturer. That is, the barrels or tubes, or bottles, or whatever receptacle the manufacturer places it in. The complainant did neither of those things, as the manufacturer.

I believe that covers the facts. It necessarily follows that there is in the law no tax such as we are concerned with here, upon the complainant, and, when the collector collected, over the protest of the complainant, such taxes, as are segregated into the Illes and into the Sonneborn period, those were illegal collections, and a certificate of necessity may go into the judgment, also such exception as the government and the plaintiff may wish.