## BIERMANN v. SHEA.

District Court, S. D. New York.
June 16, 1939.

---

214

Jacob Rabkin, of New York City (Jacob Rabkin and Mark H. Johnson, both of New York City, of counsel), for plaintiff.

John T. Cahill, U. S. Atty., of New York City (Samuel Brodsky, Asst. U. S. Atty., of New York City, of counsel), for defendant.

MANDELBAUM, District Judge.

This suit for a refund is predicated upon an overpayment of excise taxes. The government concedes that these taxes were erroneously paid by the plaintiff, but urges several defenses to the action. These defenses will be discussed after a brief recital of the relevant facts.

The plaintiff was a manufacturer of fur trimmed garments and relying upon Section 604 of the Revenue Act of 1932, 26 U.S.C.A. end of ch. 20, and Regulations 46, Article 24 in force at the time, paid the taxes on the sale of fur trimmed garments from June, 1932 to October, 1932 in the amount of $2,091.53.

It appears that during the time in question, other manufacturers in the same industry were dissatisfied with the regulations governing the assessment of taxes and were seeking a more favorable interpretation of the taxing statute. In the meantime, they did not pay their taxes in contradistinction to the plaintiff who did. As a result of these protests, the regulations governing the taxing statute were amended (Treasury Decision 4361, January 25, 1933), the effect of which was to relieve the manufacturers in this industry from the payment of any tax. The plaintiff was thereupon left to his remedy be-fore the Commissioner of Internal Revenue to reclaim that which the government now admits it was not entitled to, and his claim for refund was rejected.

It is well settled that this type of an action is governed by equitable principles. Howbert v. Norris, 8 Cir., 72 F.2d 753; rehearing denied Nov. 2, 1934; Myers v. Hurley Motor Co., 273 U.S. 18, 24, 47 S.Ct. 277, 77 L.Ed. 515, 50 A.L.R. 1181; New York Life Ins. Co. v. Anderson, 2 Cir., 263 F. 527. So that, unless the statute and the decisions thereunder bar the plaintiff from maintaining this suit, the plaintiff should recover because the government has been unjustly enriched.

The first defense interposed by the government is that the plaintiff has not filed a valid claim for refund. If that is so, no other point need be considered, for it is a condition precedent to recovery that a valid claim be filed.

The statutes and regulations governing refunds are the following: Sec. 621(d) of the Revenue Act of 1932, 26 U.S.C.A. end of ch. 20, which in effect says "that the taxpayer is not entitled to a refund merely by showing that the tax was erroneously paid. He is also required to show that the price at which he sold the article did not include the tax, or, if it did, he must then prove the consent of the ultimate purchaser to the refund." In connection with this section, Article 71 of Regulations 46 was promulgated. Section 3226 of the Revised Statutes, 26 U.S.C.A. §§ 1672–1673, requires taxpayers to file claims for refund before bringing suit.

The claim for refund was duly filed with the Commissioner of Internal Revenue on July 17, 1934. The verified statement in the claim reads as follows:

"Taxpayer hereby demands refund in the amount of $2,091.53 representing excise taxes paid for the period from June 21, 1932 to January 20, 1933. Taxpayer manufactures ladies' fur trimmed coats and for the period aforementioned taxpayer filed excise tax returns showing taxes due totaling $2,091.53. Taxpayer has prepared a complete analysis of costs and in accordance with Treasury Decision No. 4361 taxpayer claims that excise taxes were overpaid in the amount of $2,091.53.

"Taxpayer billed its customers during the period under review at a specific sales price, which sales price did not include any charge for excise tax. Taxpayer

absorbed all excise taxes, having found it impossible to pass the tax along to its customers.

"Taxpayer hereby reserves the right to amend this claim by the submission of such other facts, figures and data that may be necessary to substantiate the allowance of the aforesaid claim for refund."

The government says that this language merely states a conclusion that the tax was absorbed, and although the taxpayer reserved the right to amend the claim, no evidence was ever submitted with regard to the question of whether the tax was included in the price; that consequently, no proper claim for refund complying with the statutes and the regulations was ever presented and that the plaintiff has therefore failed to meet the condition precedent to suit.

■ I have carefully read the cases cited by the government in support of this contention. Generally speaking, they enunciate the accepted proposition that before a suit may be brought for the refund of taxes, the taxpayer must first file a claim for refund meeting in every particular the Commissioner's regulations. U n i t e d States v. Felt & Tarrant Mfg. Co., 283 U. S. 269, 51 S.Ct. 376, 75 L.Fd. 1025. In some of the cases recovery was denied because of the vagueness of the claim which failed to disclose the grounds upon which the action was founded. Solomon v. United States, 2 Cir., 57 F.2d 150; National Cattle Loan Co. v. United States, 7 Cir., 62 F.2d 168. In another group of cases, recovery was denied because the grounds set forth in the claim were different from the grounds alleged in the court action. Continental-Illinois National Bank & Trust Co. v. United States, 7 Cir., 67 F.2d 153; Dascomb v. McCuen, 2 Cir., 73 F.2d 417; Weagant v. Bowers, 2 Cir., 57 F.2d 679.

As I see it, these authorities are inapplicable to the instant case. Here, the claim adequately apprised the Commissioner of the ground upon which the plaintiff sought a refund. It set forth the administrative ruling upon which nontaxability was claimed and as pointed out by the plaintiff, even submitted detailed breakdowns of cost in support of the claim.

In the case of Paul Jones & Co. v. Lucas, D.C., 33 F.2d 907, at page 908, the court, in passing upon the validity of a claim for refund, said: "It seems to me that the requirement of section 3226 that a claim for refund must be filed before suit can be instituted, necessarily implies that the claim for refund must be sufficiently specific to enable the Commissioner *to know and consider the ground or grounds upon which a refund is sought.*" (Italics by the court.)

The other point in that case involved the construction of the regulations pertaining to the taxing statutes, and the court in construing the same held that a taxpayer seeking a refund may recover only on the grounds presented to the Commissioner, although in support of such grounds he is not confined to the evidence adduced before the Commissioner, but may offer entirely new and additional evidence. Cf. Equitable Life Assurance Society of United States v. Bowers, 2 Cir., 87 F.2d 687.

■■ The court feels that not only was the claim adequate as a matter of law, but that the proof adduced at the trial was not at variance with the grounds alleged in the claim. If anything, the proof merely supplemented that upon which the Commissioner could have made a finding. The court finds the claim to be valid and the defense of invalidity is overruled.

For a second defense, the government urges that the plaintiff did include the tax in his selling price based upon the fact that the plaintiff in computing the selling price upon which the tax payments were based *excluded the amount of the tax.* This computation, it is argued, created a conclusive presumption that the amount of the tax was "passed on" to the plaintiff's vendees (United States v. Jefferson Electric Mfg. Co., 291 U.S. 386, 54 S.Ct. 443, 78 L.Ed. 859), and that consequently the plaintiff has failed to establish that he absorbed or bore the presumption of the tax as prescribed by Section 621(d) of the Revenue Act of 1932. Said in another way, the payment by the plaintiff of a tax based on ten-elevenths of the sales price foreclosed the contention that the tax was absorbed.

■ During the presentation of the evidence before me, the court was somewhat impressed by this contention in support of the second defense. However, after careful consideration of the case of Duradene Co. v. Magruder, D.C., 21 F.Supp. 426; affirmed, 4 Cir., 95 F.2d 999, the court now feels otherwise. In the Duradene case, precisely the same argument was made and

rejected by the court. Although it was not necessary to rule upon this defense in view of the result reached by the court, Judge Chesnut nevertheless thought it desirable to do so. He said (21 F.Supp. at page 431):

"* * * The defendant has shown nothing to the contrary except the inference sought to be drawn from the fact that in assessing the tax one-eleventh and not one-tenth of the sale price to customers was taken as a measure of the ten per cent. tax, on the assumption that the sale price included the tax. But this action was not induced by the plaintiff or its counsel. At the most it merely acquiesced in a basis of assessment for a disputed tax liability which as a calculation did not prejudice it. The conclusion on this point is, I think, in accordance with the decided cases. United States v. Jefferson Electric Mfg. Co., 291 U.S. 386, 405, 54 S.Ct. 443, 450, 78 L.Ed. 859. [Other cases cited.]

"The defendant's contention on this point is that after the Commissioner ruled that the tax was payable, it must be conclusively presumed that the plaintiff's sale price included the tax, and that the plaintiff's net price was thus reduced by the amount of the tax, which on this theory was collected from the purchaser. This contention if sound would quite effectually preclude a taxpayer from ever successfully contesting a disputed tax, of this nature, unless he added the tax to the former price, and insisted that it be paid to him by the customer, while himself denying its legality. The position does not seem reasonable and, in my opinion, is not required by the statute".

This reasoning is persuasive and the court is inclined to adopt it in the instant case. The presumption relied upon by the government was rebutted by the plaintiff by uncontradicted evidence that he absorbed or bore the burden of the tax. Accordingly, the second defense is overruled.

The plaintiff is entitled to judgment for the amount of the tax and interest paid, with interest thereon from October 1, 1935. The plaintiff should submit findings of fact and conclusions of law on notice to the defendant, pursuant to Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. See, also, opinion of Judge Woolsey in Penmac Corporation v. Esterbrook Steel Pen Mfg. Co., D.C., 27 F.Supp. 86, for proper procedure.