**WM. FILENE'S SONS CO. v. WHITE, Former Collector of Internal Revenue (two cases).**

**Nos. 7075, 7076.**

District Court, D. Massachusetts.
Dec. 8, 1939.

Allison L. Newton (of Nutter, McClennen & Fish), of Boston, Mass., for plaintiff.

J. Leonard Lyons, Sp. Asst. to Atty. Gen. (C. Keefe Hurley, Asst. U. S. Atty., and Edmund J. Brandon, U. S. Atty., both of Boston, Mass., Samuel O. Clark, Jr., Asst. Atty. Gen., and Andrew D. Sharpe, Sp. Asst. to Atty. Gen., on the brief), for defendant.

SWEENEY, District Judge.

These are two actions to recover excise taxes alleged to have been improperly collected and retained by the defendant. All payments, returns, claims for refund and

[1] 251 App.Div. 712, 296 N.Y.S. 1010.　　[2] 169 Misc. 1050, 9 N.Y.S.2d 453.

other action prerequisite to this suit have been duly made and filed in due season, and the proper time has elapsed after the filing of such claims to enable the plaintiff to sue. Since both actions are identical (except for the commodities taxed) they will be treated as one. The defendant admits that the plaintiff was not liable under the taxing statute (Revenue Act of 1932, § 603, 26 U.S.C.A. following section 1481), and that a recovery of the taxes paid would be in order if the plaintiff has complied with Section 621 (d) (1) of the act.

That Section is as follows:

"Sec. 621 * * * (d) No overpayment of tax under this title shall be credited or refunded (otherwise than under subsection (a), in pursuance of a court decision or otherwise, unless the person who paid the tax establishes, in accordance with regulations prescribed by the Commissioner with the approval of the Secretary, (1) that he has not included the tax in the price of the article with respect to which it was imposed, or collected the amount of tax from the vendee * * *."

There was no contention by the plaintiff that it had fulfilled the requirements of Section 621 (d) (2). The question presented therefore is whether the plaintiff has established that it did not include the taxes paid by it in the price of the articles sold to the public, or that it did not collect the amount of the tax from its vendees.

Stipulations of facts signed by both parties have been filed, and are adopted by the court as its findings of fact. Evidence was presented at the trial on the question whether the tax sought to be recovered was passed on to the buying public. I find that in June of 1932, which was the effective date of the taxing act, the plaintiff did not believe that it was subject to the tax, and did not make returns or pay taxes until September, 1932, when it was advised by the Bureau that it must do so.

It thereafter and until February, 1933, filed returns and paid taxes on its sales for the period commencing June, 1932. When it commenced to actually report and pay its tax there was no change in the retail prices of the articles covered. However, when the taxing act became effective in June of 1932, the plaintiff's manufacturers increased their prices to the plaintiff to cover the manufacturers' tax. At that time the plaintiff raised its retail prices to cover not only the tax passed on to it by the manufacturers, but something further. An example may help to clarify. Prior to the tax, an article which cost the plaintiff 60¢ sold for $1. After the act was passed the manufacturers added 6¢ to their selling price, which in effect was passing along their tax to the plaintiff. After this new wholesale price was determined, a new retail price of $1.10 was established by the plaintiff.

The plaintiff contends that the increase over and above the amount of the manufacturers' tax passed on to it resulted from two things: First, that the increase was dictated by the manufacturers, and, second, that the plaintiff was maintaining the same percentage margin of profit over the cost.

From the evidence I find that the plaintiff was under no restriction in fixing its retail prices. It is quite true that the manufacturers in billing their articles to the plaintiff billed the goods at a retail price, and then to reach the wholesale price to the plaintiff, allowed certain discounts, but I find that this was merely a method of manufacturers' billing, and not a fixed determination by the manufacturers of the retail price to be charged by the plaintiff.

The plaintiff's contention that in increasing its retail price beyond the amount necessary to cover the manufacturers' cost it was merely maintaining a consistent percentage margin of profit based on cost is not determinative of the question whether it passed on to the buying public the amount of the tax which it was later compelled to pay, or whether it absorbed it itself.

While the plaintiff believed that it was not liable for the tax, it, nevertheless, increased its profit over what it had been before the new wholesale price was effective. In effect it collected a two-thirds mark-up on the cost of the article, and a two-thirds mark-up on the manufacturers' tax which had been passed on to it.

The plaintiff has cited Duradene Co., Inc. v. Magruder, D.C., 21 F.Supp. 426, University Distributing Co. v. United States, D.C., 22 F.Supp. 794, and Biermann v. Shea, D.C., 28 F.Supp. 213, in support of its position, but as I read the facts in those cases, in none of them was there any increase in the selling price of the article after the tax was effective. They differ from the instant case in that this plaintiff actually increased its selling price on the effective date of the taxing act to cover not only the manufacturers' tax that had been passed on to it, but, strangely enough,

the amount that it later was compelled to pay as its tax. It actually received from its vendees the amount of the tax even though it collected it in the full belief that it was merely an extra margin of profit, and not a "passed on tax". I therefore find that it included the tax in the price of the article with respect to which it was imposed, and that it collected the amount of the tax from its vendees.

It is well settled that this type of action is governed by equitable principles. Anniston Mfg. Co. v. Davis, 301 U. S. 337, 57 S.Ct. 816, 81 L.Ed. 1143; United States v. Jefferson Electric Mfg. Co., 291 U.S. 386, 54 S.Ct. 443, 78 L.Ed. 859; New York Life Ins. Co. v. Anderson, 2 Cir., 263 F. 527; Howbert v. Norris, 10 Cir., 72 F.2d 753; Biermann v. Shea, supra. The more equitable right to the money erroneously collected as taxes is in the Government. The Congress has in substance said that if the plaintiff can show that it bore the burden of the tax it would be entitled to a refund. The facts show that the burden of the tax was in fact passed on to the public.

The plaintiff has not fulfilled the requirements set out in Section 621(d) of the Revenue Act of 1932 in that it has failed to show that it did not include the tax in the price of the article with respect to which it was imposed, or collected the amount of the tax from its vendees.

The defendant's motions for judgment may be allowed.