**CHARLES MARCHAND CO. v. HIGGINS,**
Collector of Internal·Revenue for Third
District of New York.

District Court, S. D. New York.

Dec. 26, 1940.

Samuel H. Kaufman, of New York City, for plaintiff.

John T. Cahill, U. S. Atty., of New York City for Southern District of New York (William L. Lynch, Asst. U. S. Atty., of New York City, of counsel), for defendant.

MANDELBAUM, District Judge.

Pursuant to Section 603 of the Revenue Act of 1932, 26 U.S.C.A.Int.Rev.Acts, page 608, the plaintiff was assessed manufacturers' excise taxes on the sale of its article known as "Marchand's Golden Hair Wash", a toilet preparation. The tax was paid under protest and a claim for refund was duly filed. The claim was rejected by the Commissioner of Internal Revenue. This suit for the recovery of the taxes paid ensued. After a trial without a jury, the issues are now before the court for determination.

The pertinent portion of the taxing statute reads as follows:

"§ 603. *Tax on Toilet Preparations*, etc.

"There is hereby imposed upon the following articles, sold by the manufacturer, producer, or importer, a tax equivalent to 10 per centum of the price for which so sold: * * *".

The article sold as "Marchand's Golden Hair Wash" is essentially hydrogen peroxide of 17 volumes of available oxygen. It is undisputed that hydrogen peroxide as such is not a taxable article. But the plaintiff has conceded for the purposes of this suit that "Marchand's Golden Hair Wash" is a taxable article.

The principal issue is whether the plaintiff is a manufacturer or producer within the meaning and intent of the statute so as to be subject to the excise taxes. The plaintiff takes the position that "Marchand's Golden Hair Wash" was manufactured and produced by John Bene & Son, Inc., which is liable for said taxes and has heretofore paid the same. The defendant, in seeking to sustain the imposition of the tax, urges that under the statute in question, the plaintiff is liable as a producer of the taxable product, or in the alternative, that John Bene & Son, Inc., is nothing more than a manufacturing

agent of the plaintiff, hence, making the plaintiff liable for the tax as a principal.

The facts are substantially the following:

The plaintiff's business consists mainly of the sale and distribution of "Marchand's Golden Hair Wash". The physical manufacturing of the product is done by John Bene & Sons, Inc. (hereinafter called Bene), having its principal office in Brooklyn, New York. After the manufacture of the product, Bene bottles, caps, labels and packs the same into cartons which are delivered to the plaintiff's warehouse in Manhattan. Thereafter, the plaintiff delivers the product to its customers in the same condition as when received from Bene.

■■■ There is a condition precedent to recovery which is imposed by statute on the plaintiff. Section 621(d) of the Revenue Act of 1932, 26 U.S.C.A.Int.Rev.Code, § 3443(d), places a burden on the taxpayer who seeks to recover manufacturer's excise taxes to show that the tax has not been passed on to the trade. Testimony to this effect was given by Mr. Brooks, a witness for the plaintiff. The defendant interposed no contradictory evidence on this score. I hold that the plaintiff sustained the burden of proof imposed by statute. Biermann v. Shea, D.C., 28 F.Supp. 213.

We now pass to the merits of the case. It might be well at this point to consider the effect of the case of T. L. Williams v. Harrison, 7 Cir., 110 F.2d 989, decided by the Circuit Court of Appeals, better known as the "Maybelline case" upon the one presently before the court. The plaintiff contends that it is decisive of the issues herein, while the defendant offers distinctions, sufficient, it claims, to compel a conclusion different than the one reached in the "Maybelline case". There, one Williams, doing business as the Maybelline Company, sold and distributed among other products mascara purchased from his brother-in-law, who did business under the name of De Luxe Mascara Company, a separate and distinct entity from the Maybelline Company. Upon the receipt of the mascara case from the De Luxe Company, Williams placed mascara in a small box and added a small brush as an applicator, and resold the same to his various customers. In addition to the foregoing, each cake of mascara had Williams' trade-mark "Maybelline" embossed on it. The boxes in which the same were placed by Williams had a small mirror in the lid and the trade-mark printed on the top of the box. The Circuit Court of Appeals rejected the government's contention that the adding by Williams of a small box and brush to the cakes of mascara and selling the same as a complete unit constituted him the manufacturer or producer of the product within the meaning of the statute. The language used by the Circuit Court in reaching this conclusion is significant and I quote verbatim (110 F.2d at page 991):

"Plaintiff performed upon the mascara cake no process or any act that would change its form, color or substance. * * *

"How the placing of that article with other articles not taxable and where the combined result was a taxable article *not different from that already existing*, is to be designated as a manufacturing process, is not easy to comprehend." (Emphasis by the court.)

And finally (110 F.2d at page 994): "We do not think the assembling of a taxable article, complete in itself, with other articles not taxable, results in another and different taxable article. Before the articles were combined, the taxable article was mascara, and after the combination was affected the taxable article remained mascara".

Wherein is the "Maybelline case" materially different than the instant one? In this connection, the government urges the following: Bene makes hydrogen which itself is not a taxable article and it remained so until the plaintiff held it out to the public. In other words, additional things added to this nontaxable article (hydrogen) had produced or made it into a taxable article. In support of this theory, the government relies on Article 4 of Treasury Regulations 46 (1932 Edition) which defines manufacturer or producer. It states: "As used in the Act, the term 'producer' includes a person who produces a taxable article by processing, manipulating, or changing the form of the article, *or produces a taxable article by combining or assembling two or more articles*." (Government supplies emphasis.)

■■■ To bring the plaintiff's product within the italicized portion of the above definition, it contends that the adding of a trade-name and its label containing directions for use as a bleach for human hair to hydrogen peroxide of 17 volumes (itself nontaxable), the result obtained is "Mar-

chand's Golden Hair Wash", a taxable article. The defendant carries this contention one step further and concludes that it is immaterial that the physical ingredient is still hydrogen peroxide of 17 volumes. While the argument is not entirely without force, to me it seems that in the light of the "Maybelline case", as well as the generally accepted legal construction of what constitutes manufacturer or producer, the government's argument must fail. I am of the opinion that the terms as used in the present taxing statute are synonymous. It has been held that *manufacture* means the creation or production of a product from raw materials or by *combining* two or more products to form a *new* and *different* one. American Fruit Growers, Inc., v. Brogdex Co., 283 U.S. 1, 51 S.Ct. 328, 75 L.Ed. 801; Hartranft v. Wiegmann, 121 U.S. 609, 7 S.Ct. 1240, 30 L.Ed. 1012. In Anheuser-Busch Brewing Ass'n v. United States, 207 U.S. 556, at page 562, 28 S.Ct. 204, at page 206, 52 L.Ed. 336, the Supreme Court said: "Manufacture implies **a** change, but every change is not manufacture, and yet every change in an article is the result of treatment, labor, and manipulation. But something more is necessary, as set forth and illustrated in Hartranft v. Wiegmann, 121 U.S. 609, 7 S.Ct. 1240, 30 L.Ed. 1012. *There must be transformation; a new and different article must emerge, 'having a distinctive name, character, or use.'"* (Emphasis by the court.)

In Allen v. Smith, 173 U.S. 389, 19 S.Ct. 446, 43 L.Ed. 741, the Supreme Court held that under the particular statute before it there was no legal distinction between "manufacturer" and "producer". I see no compelling reason for placing a different construction on the terms in the instant case.

The defendant has cited a number of cases in which it claims support its position on the meaning of "manufacturer" or "producer". After considering them, I find them to be inapposite. Klepper v. Carter, 9 Cir., 286 F. 370; Foss-Hughes Co. v. Lederer, C. C., 287 F. 150; United States v. Gamble-Skogmo, Inc., 8 Cir., 91 F.2d 372. The other cases cited, such as Luzier's, Inc., v. Nee, D.C., 24 F.Supp. 608, affirmed, 8 Cir., 106 F.2d 130; Bourjois, Inc., v. McGowan, D.C., 12 F.Supp. 787, affirmed, 2 Cir., 85 F.2d 510; Inecto, Inc., v. Higgins, D.C., 21 F.Supp. 418, were considered by the court in the "Maybelline case" and held to be inapplicable. I have read them and share the same opinion.

■ I am therefore prepared to hold that the government's claim that this case is distinguishable from the "Maybelline case" in that there the taxable article was the mascara cake, whereas here "Marchand's Golden Hair Wash" did not become taxable until the plaintiff had added its label and directions, is without merit. As I see it, the differences in both cases are in degree rather than in principal. In that case, the effected article remained mascara, and at bar, the effected article remained hydrogen peroxide.

■ There is left one other point to consider and this is the alternative urged by the government, i. e., that Bene was no more than a manufacturing agent of Marchand, making the plaintiff taxable as a principal. I feel that much discussion is not necessary on this phase of the case. The evidence falls far short of sustaining such claim. From the evidence and exhibits, I find no relationship whatsoever between Marchand and Bene other than that of manufacturer and purchaser or customer. Both parties do not deal exclusively with each other. Both deal and do work with and for others. The advertising matter used by the plaintiff regarding laboratories in Brooklyn (Bene has its factory in Brooklyn) is perhaps misleading, but nevertheless inconsequential. At best, it is susceptible to several interpretations and does not imply that Bene is the manufacturing agent of plaintiff. The ownership of 950 shares in 1914 by Bene in the Drevert Company (predecessor of the plaintiff) is of no evidentiary value since Bene has long ago divested himself of this stock.

From the foregoing, I cannot accept the government's contention that Bene is nothing more than the manufacturing agent of the plaintiff. While other questions have been presented, their disposition, in view of the court's ruling on the two major issues, becomes unnecessary.

The plaintiff is entitled to judgment as demanded in the complaint.