## CHARLES MARCHAND CO. v. HIGGINS.

### No. 68.

Circuit Court of Appeals, Second Circuit.

Jan. 5, 1942.

Mathias F. Correa, U. S. Atty., of New York City (William L. Lynch, Asst. U. S. Atty., of New York City, of counsel), for appellant.

Samuel H. Kaufman, of New York City (M. Robert Gallop and Harold S. Lynton, both of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

The taxes involved in this appeal were collected under section 603 of the Revenue Act of 1932, 47 Stat. 261, 26 U.S.C.A.Int. Rev.Acts, page 608. This statute imposes an excise tax equivalent to ten per cent of the sales price on sales by "the manufacturer, producer, or importer" of specified articles, "and any similar substance, article, or preparation, by whatsoever name known or distinguished * * * which are used or applied or intended to be used or applied for toilet purposes." The

plaintiff is a Delaware corporation which sells a product known as "Marchand's Golden Hair Wash." The question in issue was whether the plaintiff is the "manufacturer" or "producer" of this hair wash within the meaning of the statute. Judge Mandelbaum, before whom the case was tried without a jury, held that it was not. The defendant collector of internal revenue, who collected the taxes assessed against the plaintiff on its sales during the month of September 1933, has appealed from the judgment directed against him.

The facts are undisputed. "Marchand's Golden Hair Wash" is nothing but peroxide of hydrogen of a particular strength—15 to 17 volumes of available oxygen. It was manufactured by John Bene & Sons, Inc., of Brooklyn, N. Y. (hereafter called Bene), a corporation which has long been engaged in the business of manufacturing and selling peroxide of hydrogen of various volumes strength for numerous customers. After manufacturing the product known as "Marchand's Golden Hair Wash," Bene bottles, caps, labels and packs the same into cartons which are delivered to the plaintiff's warehouse in New York City. The bottles, caps and cartons are furnished by Bene, but the plaintiff owns the trade name "Marchand" which is blown into the bottles. The labels, which are copyrighted by the plaintiff, are furnished by it to Bene. They contain directions for use of the contents of the bottles as a hair bleach. The prices paid by the plaintiff to Bene were fixed, definite prices and included a charge for the peroxide of hydrogen, the bottles, caps, and cartons and the labor of labeling and packaging. The plaintiff sells Marchand's Golden Hair Wash to its customers without the slightest change, except in price, and in the same packages and cartons as when received by it from Bene. Until April 1935 neither the plaintiff nor Bene paid any excise tax on the sale of the hair wash. In that month Bene paid a tax computed at 10% of its sales price to the plaintiff for the period from June 21, 1932 (the effective date of the statute) to March 30, 1935, but was immediately reimbursed by the plaintiff for such payment pursuant to the terms of a prior indemnity agreement. Since April 1935 Bene has paid the tax, computed in the same manner, and has added it to its invoices to the plaintiff as a separate charge. In February 1939 the commissioner of internal revenue determined that the plaintiff was the manufacturer or producer of Marchand's Golden Hair Wash and made an assessment computed at 10% of the plaintiff's sales price to its customers, giving credit for that portion of the tax already collected from Bene. The present action sought recovery of a payment on account of this assessment, after rejection of a claim for refund filed by the plaintiff.

■ At the trial it was urged that Bene was the plaintiff's manufacturing agent; but as this question of fact was decided in the plaintiff's favor, the appellant limits its present argument to the contention that the plaintiff was the "producer" of the hair wash. Reliance is placed upon Article 4 of Regulations 46 (1932 edition) which defines the term producer to include "a person who produces a taxable article by processing, manipulating, or changing the form of an article, or produces a taxable article by combining or assembling two or more articles." The argument is that the plaintiff produces a taxable article (the hair wash) by combining two non-taxable articles, namely, peroxide of hydrogen and the labels which give instructions how to use it as a hair bleach. This argument involves two assumptions: (1) That the peroxide of hydrogen does not become a taxable article until combined with the labels and (2) that the plaintiff makes the combination. Neither assumption is supportable. Taking them up in the inverse order, we can see nothing to justify the assumption that in adding labels to the bottled liquid, Bene is acting as the plaintiff's agent. What the plaintiff buys from Bene is peroxide bottled, labelled and packed in cartons. No title passes until delivery at the plaintiff's warehouse. To say that Bene acts for itself, as seller, in bottling the peroxide and delivering the cartons, but acts for the plaintiff, as its agent, in combining the labels with the bottles, is a refinement of analysis having no relation to reality. Therefore, if the labels be assumed to be "articles" within the regulation, it is Bene not the plaintiff who produces the toilet preparation by assembling the peroxide and label.

■ But the assumption that the peroxide is not a taxable article until the label is added is also unjustified. While peroxide as such is non-taxable, it becomes a taxable article if "intended to be used * * * for toilet purposes." Bene's intention that it shall be so used is manifest at least as

soon as it is placed in bottles bearing the plaintiff's name. Had the plaintiff purchased the bottled hair wash and itself added the labels, we cannot doubt that Bene would have sold a preparation intended to be used for toilet purposes, and so taxable. Williams v. Harrison, 7 Cir., 110 F.2d 989. As that case holds, Article 4 in speaking of producing a "taxable article by combining or assembling two or more articles" means constituents which make the assemblage taxable. Since Bene produced and sold a taxable article, Bene is the manufacturer or producer. By adding labels giving instructions to the final customer, the plaintiff would not become the producer of a taxable article; it was already such.

Judgment affirmed.